**Alfred OCHOA, Plaintiff-Appellant,**

v.

**MONSANTO COMPANY, Defendant-Appellee.**

**No. 72–1651.**

United States Court of Appeals, Fifth Circuit.

Jan. 31, 1973.

Gabrielle K. McDonald, Mark T. McDonald, Houston, Tex., Jim Heidelberg, John Serna, San Antonio, Tex., for plaintiff-appellant.

Peter A. Janiak, EEOC, Washington, D.C., amicus curiae.

Tom M. Davis, V. R. Burch, Jr., Houston, Tex., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and MOORE * and RONEY, Circuit Judges.

PER CURIAM:

In this action under Title VII of the Civil Rights Act of 1964 Alfred Ochoa challenges the hiring policies [1] at Monsanto's recently opened Chocolate Bayou Plant near Alvin, Texas as being discriminatory toward himself and Mexican-Americans generally.[2] At the conclusion of the evidence the District Court entered findings of fact and conclusions of law exonerating Monsanto. Ochoa v. Monsanto Co., S.D.Tex., 1971, 335 F. Supp. 53. Reading this opinion through the protective lenses of F.R.Civ.P. 52(a) we find the result acceptable and accordingly, affirm.

Ochoa complains that the District Judge abused his discretion in limiting Plaintiff's discovery to a period of 6 months prior to and after his employment interview with Monsanto. This error was compounded, argues Ochoa, by the fact that on the trial the Judge subsequently admitted statistical evidence on behalf of Monsanto showing hiring practices over an extended earlier period. Upon a fair reading of the Court's order, however, we conclude that his actions were not one-sided. The Judge's limitation of discovery was not an immutable decision. He clearly left the discovery avenues open upon request of either party if the circumstances merited further development and no such showing or request was thereafter made.[3]

While we scrutinize claims of Title VII discrimination very closely and accord statistical evidence great and ofttimes decisive weight, see Rowe v. General Motors Corporation, 5 Cir., 1972, 457 F.2d 348; United States v. Jacksonville Terminal Company, 5 Cir., 1971, 451 F.2d 418, we conclude in this instance that the extremely small universe involved and the indications from the existing statistical information did not preclude the trial court from finding an absence of discrimination. Although Mexican-Americans comprised 10% of the Alvin area community, of the 684 applicants for employment at the Choc-

---

* Honorable Leonard P. Moore, Senior Circuit Judge of the Second Circuit, sitting by designation.

1. There is no allegation that Monsanto discriminated in any way against Mexican-American employees once they had been hired. The sole thrust of the complaint is that Monsanto's allegedly discriminatory practices prevented Mexican-Americans from ever becoming members of the class of Monsanto employees.

2. Of course the ethnic uniqueness of Mexican-Americans is a legally recognized concept. Cf. Cisneros v. Corpus Christi Independent School District, 5 Cir., 1972, 467 F.2d 142 (en banc); United States v. Texas Education Agency, 5 Cir., 1972, 467 F.2d 848 (en banc).

3. The detailed pre-trial order dated January 20, 1972, listed Monsanto's summaries covering years 1965 through 1970, the authenticity of which was acknowledged and admissibility subject only to objections for relevance and materiality.

olate Bayou plant during the period from April 1, 1967, to April 1, 1968, only 11 were Mexican-Americans, the remainder being 653 Anglos, 20 Negroes. Of the 56 who were hired, 1 was a Mexican-American. Thus, for the period in question, as a matter of pure arithmetic, since 9.09% of all Mexican-American applicants were hired, whereas only 8.17% of all other applicants were hired it could be argued that they received preferred, not prejudicial, treatment. But the smallness of the numbers demonstrates that the Court was not compelled to allow such statistical showing to set in train the usual presumptions or to make a finding of preference thereon. To buttress this conclusion the Judge could consider the absence of any specific probative evidence regarding the other nine unsuccessful Mexican-American applicants. For all the record reveals each could not qualify on the most neutral of standards, neutrally applied.

Because of the finding of no discrimination which we find acceptable we need not consider the further contention that the Monsanto scheme of hiring, by giving the initial interviewer plenary authority to reject an applicant, constitutes patent discrimination in violation of Title VII, suspect as is any such system. See Rowe, supra, 457 F.2d at 354.

Finally, Ochoa complains of the exclusion of the testimony of Frank Carmona, a highly respected attorney seeking to assist his fellow Mexican-Americans in employment opportunities in this area, concerning Monsanto's reputation in the community on discriminating against Mexican-Americans. Offered as it apparently was to prove reputation only, not for other conceivably admissible purposes, we hold that this was a matter within the discretion of the trial Judge.

Affirmed.