Maria C. BITTAR, Plaintiff-Appellant,

v.

AIR CANADA, a Corporation of
Canada, Defendant-Appellee.

No. 74–3873

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 30, 1975.

Arthur Massey, Miami, Fla., for plaintiff-appellant.

Herbert B. Mintz, Miami, Fla., Sarino R. Costanzo, Miami, Fla., for defendant-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Plaintiff, Maria C. Bittar, brought this action against her former employer, Air Canada, alleging that she was discharged because of her age in violation of the Age Discrimination Act of 1967 (29 U.S. C.A. § 621 et seq.). After a prima facie showing of age discrimination by the plaintiff, the defendant-employer produced evidence of numerous instances of unsatisfactory job performance on the part of the plaintiff. The district court, concluding that the plaintiff failed to prove her claim of age discrimination by a preponderance of the evidence, found in favor of defendant-employer, Air Canada.

On appeal plaintiff asserts that the trial court erroneously assessed the burden of proof between the parties. She contends that upon a prima facie showing of discrimination by the plaintiff-discriminatee, the burden of proof shifts to the defendant-employer to prove nondiscrimination by a preponderance of the evidence. This is specious. Upon such a prima facie showing by the plaintiff, there is a shift, but not in the burden of proof. Only the burden of going forward with the evidence shifts to the defendant-employer. *E. g.*, Hodgson v. First Fed. Sav. & L. Ass'n, 455 F.2d 818 (5th Cir. 1972); Johnson v. University of Pittsburgh, 359 F.Supp. 1002 (W.D.Pa. 1973); Ochoa v. Monsanto Co., 335 F.Supp. 53, 58–59 (S.D.Tex.1971), aff'd per curiam, 473 F.2d 318 (5th Cir. 1973). Once the defendant-employer comes forward with evidence that the plaintiff

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

was discharged because of reasonable factors other than age, the plaintiff must still bear the burden of establishing a case of discrimination by a preponderance of the evidence. *See, e. g.,* Ochoa v. Monsanto, *supra;* Barnes v. Lerner Shops of Texas, Inc., 323 F.Supp. 617 (S.D.Tex.1971). In Sabatino v. Curtiss Nat'l Bank, 446 F.2d 1046 (5th Cir. 1971) we stated: "[W]hen the party having the burden of proof makes a prima facie case, the burden of proof does not shift to the opposite party, but he [the opposite party] is only required to come forward with some evidence to rebut such prima facie case." *Id.* at 1055.

Since the defendant-employer in the case at bar offered persuasive rebuttal evidence to overcome plaintiff's prima facie case, the trial court properly utilized the preponderance of the evidence standard in weighing the sufficiency of the plaintiff's proof.

Plaintiff's remaining contentions are without merit.

Affirmed.