James W. LINDSEY, Plaintiff-Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant-Appellee.

No. 75–2086.

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1977.

Edward B. Cloutman, III, Dallas, Tex., for plaintiff-appellant.

Joe L. Randle, J. H. Hand, Dallas, Tex., for defendant-appellee.

Before WISDOM, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Lindsey, a Southwestern Bell employee since 1951, brought this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.,[1] alleging that he was denied promotion from a second line management position to a third line or district level management position because of his age. He contends not only that he was individually discriminated against, but also that "the promotional process in use at appellee's Dallas, Texas operation eliminated employees over the age of 40 years from promotion to the 'district level' or third level management positions". After a trial on the merits at which both litigants presented numerous witnesses who testified as to the employment practices and promotion system of Southwestern Bell, the district court granted judgment for the defendant. We affirm.

1. Lindsey relies primarily on § 623, which makes unlawful employment discrimination because of age against persons 40 to 65 years of age. It provides that:

(a) It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

Lindsey contends that the standards for establishing a prima facie Title VII violation, set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 1973, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 [2], are applicable by analogy to age discrimination cases, and that under such guidelines he has established a prima facie age discrimination case. The extent to which Title VII guideline governs actions brought under the Age Discrimination and Employment Act is presently unclear.[3] *See Laugesen v. Anaconda Co.*, 6 Cir. 1975, 510 F.2d 307; Note, The Age Discrimination in Employment Act of 1967, 90 Harv.L.Rev. 380 (1976). Even if Title VII standards were strictly applicable to ADEA claims, however, Lindsey still failed to make out a prima facie case of age discrimination, either against him or as to Southwestern Bell's promotion practices generally.

First, Lindsey's statistical evidence, upon which he places primary reliance, does not demonstrate that age is an impediment to promotion at the district level. Lindsey showed that from June 1, 1968 to April 1, 1974, there were 27 promotions from second level management positions to district (third) level positions. Of the 27 people promoted, 10 (37%) were employees over 40 and the remaining 17 (63%) were employees under 40. Even if age discrimination could be established by the fact that 63 percent of the promotions went to the "under 40" group, *cf. Hodgson v. First Federal Savings and Loan Association*, 5 Cir. 1972, 455 F.2d 818, Lindsey presented no evidence as to what percentage of the reservoir of 370 persons available for district level promotions in the Dallas area, out of which came the 27 promotees, were over 40. Thus, it is impossible to correlate the percentage selected with the percentage available to determine if the number of persons over 40 who were promoted to the district level was disproportionately small. It is possible that employees over 40 constituted only 37 percent, or less, of the promotion reservoir. Furthermore, even if employees over 40 made up more than 37 percent of the reservoir, some of the "over 40" employees may not have been qualified for promotion. Lindsey's statistical evidence is therefore insufficient to establish a prima facie case of age discrimination.

Second, Lindsey did not prove that he was qualified for the job he applied for. Although it is undisputed that his actual job performance was satisfactory, there was substantial testimony casting aspersions on Lindsey's attitude. The district court made the following findings:

18. In determining the suitability for promotion to a higher job, Mr. Hoffman [head of Southwestern Bell's Dallas Area Traffic Department] has taken into account an employee's attitude, including his willingness to accept supervision and cooperate with supervisors.

19. Plaintiff had a history of not being able to get along with some of his supervisors and of being critical of upper management.

20. At least two of his supervisors were critical of his attitude and told him he should change it.

21. Plaintiff's attitude was a reason why he had not been promoted, which fact was admitted by Plaintiff.

---

2. Those standards are as follows:

The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

411 U.S. at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 677.

3. Although this Court applied precedents dealing with burden of proof developed under Title VII to an age discrimination claim in *Hodgson v. First Federal Savings & Loan Ass'n*, 5 Cir. 1972, 455 F.2d 818, 822, that case was decided before *McDonnell Douglas Corp. v. Green*. Because we need not reach the difficult questions whether and to what extent the burdens of proof and production shift in age discrimination cases in order to decide this case, we decline to intimate our views on those matters.

These findings are not "clearly erroneous". Fed.R.Civ.P. 52(a). There is nothing in the record to show that Southwestern Bell used Lindsey's attitude as a subterfuge for discriminating against him on the basis of his age.

Finally, as Lindsey admitted and as the district court found, Lindsey had never been told, nor had he heard, seen, read, or been informed in any manner that age was a factor in promotion with Southwestern Bell; and Lindsey had never been told, nor had he read, heard, or seen anything that would indicate to him that he had not been promoted because of his age. For these reasons, the district court's judgment that Southwestern Bell did not discriminate against Lindsey on account of his age is AFFIRMED.