576 F.2d 588
 17 Fair Empl.Prac.Cas. 1288, 17 Empl. Prac.
Dec. P 8417
F. Ray MARSHALL, Secretary of Labor, U. S. Department of
Labor, Plaintiff-Appellant, Cross-Appellee,
v.
WESTINGHOUSE ELECTRIC CORPORATION et al.,
Defendants-Appellees, Cross-Appellants.
 No. 76-3672.
 United States Court of Appeals,
Fifth Circuit.
 July 12, 1978.
 
 Marvin Tincher, Regional Atty., Nashville, Tenn., Carin Ann Clauss, Assoc. Sol., Alfred G. Albert, Acting Sol., Jacob I. Karro, Heidi D. Miller, Attys., U. S. Dept. of Labor, Washington, D.C., for plaintiff-appellant, cross-appellee.
 Ray C. Muller, Miami, Fla., Stuart Saltman, Westinghouse Electric Corp., Legal Dept., Pittsburgh, Pa., Herbert B. Mintz, Miami, Fla., for defendants-appellees, cross-appellants.
 Appeals from the United States District Court for the Southern District of Florida.
 Before BROWN, Chief Judge, and THORNBERRY and CLARK, Circuit Judges.
 THORNBERRY, Circuit Judge:
 
 
 1
 The Secretary of Labor sued Westinghouse Electric Corporation under 29 U.S.C. 626(b), the Age Discrimination in Employment Act, seeking injunctive relief against the defendant Westinghouse and the reinstatement of a former employee of Westinghouse, Sam Eldon. Defendants moved for summary judgment because Eldon's complaint had been filed more than two years after his termination and it failed to allege a willful violation of the act.[1]
 
 
 2
 The district court held that Sam Eldon, who had worked for Westinghouse from 1948 to 1973, was terminated for reasons other than age. It found that although Eldon was an excellent field operator, he was not competent as a "paper administrator" and had difficulty keeping records. This inability to keep up with paperwork resulted in late and incomplete progress billings. Eldon also had some difficulties in servicing customer complaints and with his immediate supervisor. Because age was not a factor in Eldon's discharge, the district court ruled for the defendants.
 
 
 3
 In this appeal the Secretary argues on Eldon's behalf that the district court misapplied the burden of proof and that it impermissibly restricted the scope of discovery in the case. Westinghouse has cross-appealed arguing that the district court incorrectly denied its motion for summary judgment. Because we find no merit in either of the Secretary's contentions, we need not reach the issue relating to the statute of limitations and the motion for summary judgment. For the reasons set out below we find the Secretary's arguments unpersuasive and affirm the district court.
 
 I. Burden of Proof
 
 4
 The Secretary first argued that a defendant attempting to establish the existence of a statutory exception should be required to plainly and unmistakably establish its existence and that because Eldon had established a prima facie case of discrimination, the defendant Westinghouse should have been required to show that the differentiating factors other than age which resulted in Eldon's discharge were criteria applied to all other similarly situated employees. An ADEA plaintiff makes out a prima facie case by showing that he was within the statutorily protected age group, that he was discharged, that the employer sought to replace him with a younger person and that he was replaced with a younger person outside the protected group. Marshall v. Goodyear Tire & Rubber Co., 554 F.2d 730 (5 Cir. 1977); Lindsey v. Southwestern Bell Tel. Co., 546 F.2d 1123 (5 Cir. 1977); Wilson v. Sealtest Foods Division of Kraftco. Corp., 501 F.2d 84 (5 Cir. 1974). This circuit has consistently held that once the plaintiff makes out such a prima facie case the defendant bears the burden of "going forward" to demonstrate reasonable factors other than age for the plaintiff's discharge. Just as consistently we have said that the burden of persuasion, often called the risk of non-persuasion, never shifts; it remains upon the ADEA plaintiff. Price v. Maryland Cas. Co., 561 F.2d 609 (5 Cir. 1977); LaRue v. General Telephone Company of the Southwest, 545 F.2d 546 (5 Cir. 1977); Bittar v. Air Canada, 512 F.2d 582 (5 Cir. 1975); Wilson v. Sealtest Foods Division of Kraftco. Corp., supra.
 
 
 5
 Although a discharge for factors other than age, like a bona fide occupational qualification (BFOQ), is a statutory exception, this circuit has treated the two defenses differently. 29 U.S.C. § 623(f) states:
 
 
 6
 (f) it shall not be unlawful for an employer, employment agency, or labor organization
 
 
 7
 (1) to take any action otherwise prohibited under subsections (a), (b), (c), or (e) of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age;
 
 
 8
 (3) to discharge or otherwise discipline an individual for good cause.
 
 
 9
 An employer may defend a charge that he has failed to hire or has discharged an individual because of an individual's age on the grounds (1) that his or her age is part of a bona fide occupational qualification, (2) that the refusal to hire or the discharge was based on factors other than age, or (3) that the discharge was for good cause. The establishment of a bona fide occupational qualification has been treated as an affirmative defense; the employer, therefore, carries the burden of persuasion. Usery v. Tamiani Trail Tours, Inc., 531 F.2d 224, 227 (5 Cir. 1976). To establish a BFOQ an employer has the burden to demonstrate that he has a reasonable cause to believe that all or substantially all of a class of applicants would be unable to perform a job safely and efficiently, Weeks v. Southern Bell Telephone & Telegraph Co., 408 F.2d 228 (5 Cir. 1969), and that the BFOQ is "reasonably necessary to the essence" of the business operation. Diaz v. Pan American World Airways, 442 F.2d 385 (5 Cir. 1971), cert. denied, 404 U.S. 950, 92 S.Ct. 275, 30 L.Ed.2d 267. See also Hodgson v. Greyhound Lines, Inc., 499 F.2d 859 (7 Cir. 1974). Establishment of a BFOQ may, in some cases, permit an employer to discriminate along otherwise illegal lines without reference to an individual's actual physical condition at the terminal age. Tamiani, supra at 230. When an employer seeking to establish a BFOQ demonstrates that it is impossible or highly impracticable to deal with persons on an individualized basis, he may apply a generalized rule. Weeks, supra at 235 n. 5. The employer may carry its burden in those cases by establishing that some members of the discriminated-against class possess a trait precluding safe and efficient job performance that cannot be ascertained by means other than knowledge of the applicant's class membership. Tamiani, supra at 235; Weeks, supra at 235 n. 5.[2]
 
 
 10
 In contrast, the good cause and differentiating factors other than age exceptions stated in 29 U.S.C. § 623(f) have not been treated as burden-shifting exceptions. See Bittar v. Air Canada, 512 F.2d 582 (5 Cir. 1975). The reason for that distinction is clear. A defendant who seeks to establish a BFOQ is essentially asserting an "affirmative defense" one in the nature of confession and avoidance. Laugesen v. Anaconda Company, 510 F.2d 307 (6 Cir. 1975). An age-related BFOQ permits an employer to admit that he has discriminated on the basis of age, but to avoid any penalty. Establishment of a BFOQ relating to age justifies an employer's violation of the heart of the ADEA, allowing him to apply a general exclusionary rule to otherwise statutorily protected individuals solely on the basis of class membership. The good cause and differentiating factor exceptions, on the other hand, are denials of the plaintiff's prima facie case. Plaintiff says that the employer fired him because of his age; employer replies, in effect, not so, plaintiff was fired for excessive absences, general inability, or some other non-discriminatory reason.[3] The natural tendency of the court to place the burden of proof upon the party desiring change and the special policy considerations disfavoring the statutory exceptions both justify the distinction between these defenses. See C. McCormick, Evidence, § 338 (2d ed. 1972).
 
 
 11
 In race discrimination cases this circuit has recently held that an employer must prove by a preponderance of the evidence some legitimate, non-discriminatory reason for a race plaintiff's dismissal. Turner v. Texas Instruments, Inc., 555 F.2d 1251 (5 Cir. 1977). The extent to which Title VII cases must necessarily govern ADEA cases is not wholly clear. Lindsey v. Southwestern Bell Telephone & Telegraph Co., 546 F.2d 1123 (5 Cir. 1977). Some distinction between the two types of cases is, however, possible.
 
 
 12
 Because the aging process causes employees constantly to exit the labor market while younger ones enter, simply the replacement of an older employee by a younger worker does not raise the same inference of improper motive that attends replacement of a black by a white person in Title VII cases.
 
 
 13
 Marshall v. Goodyear Tire & Rubber Co., 554 F.2d 730, 736 (5 Cir. 1977). As a panel we are bound by prior case law in this circuit. The line of cases holding that a plaintiff bears the burden of proving discrimination by a preponderance of the evidence in ADEA cases is impossible to deny. To require a defendant to prove that his differentiating factors other than age criteria were evenly applied to all similarly situated employees would require defendants to prove that the asserted cause was "non-pretextual." That requirement is inconsistent with prior case law under the ADEA. It is also inconsistent with Title VII case law. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We think that reason as well as precedent supports our holdings and we repeat today that a defendant in an ADEA case bears only the burden of going forward with the evidence to demonstrate reasonable factors other than age for the plaintiff's discharge.
 
 II. Discovery
 
 14
 The district court's order relating to interrogatories stated that the interrogatories, which sought information about all persons whose employment with the defendant's elevator division was terminated between 1972 and the present, were too oppressive and unduly burdensome. Plaintiff sought to justify the interrogatories on two grounds: first, that the complaint sought restitution and reinstatement for all individuals damaged by the defendant's discrimination, and second, that the information would strengthen his claim by showing a pattern or practice. We need not reach the issue of whether the potential class-action aspect of Eldon's suit would have justified the broad discovery sought in this case. Clearly the type of statistical evidence that he sought through the discovery order was relevant to his individual case. Cf. McDonnell Douglas Corp. v. Green, supra; Rich v. Martin Marietta Corporation, 522 F.2d 333 (10 Cir. 1975); Laugesen v. Anaconda Company, supra. A plaintiff who must shoulder the burden of proving that the reasons given for his discharge are pretextual should not normally be denied the information necessary to establish that claim. That rule does not, however, permit a plaintiff to "go fishing" and a trial court retains discretion to determine that a discovery request is too broad and oppressive. In the present case Eldon's request encompassed some 7,500 employees in thirty-two districts and three manufacturing plants. When the order was denied by the trial court, plaintiff did not seek a less extensive discovery. This circuit has recently said that in the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination the employing unit or work unit. EEOC v. Packard Electric Division, General Motors Corp., 569 F.2d 315 (5 Cir. 1978). To move beyond that focus the plaintiff and the EEOC must show a more particularized need and relevance. In this case the plaintiff made no attempt to do so, Rich v. Martin Marietta Corporation, 522 F.2d 333 (10 Cir. 1975). For that reason we cannot say that the trial court's refusal of discovery was improper.[4]
 
 
 15
 The discovery order was not improperly denied and the district court did not misapply the burden of proof under our prior ADEA decisions. For that reason its decision is AFFIRMED.
 
 
 
 [1]
 The applicable statute of limitations, 29 U.S.C. § 255, permits an action to be brought within three years for a willful violation. Absent willfulness, the statute of limitations is two years in an ADEA case
 
 
 [2]
 That demonstration under the now-famous Weeks footnote 5 is not sufficient in itself. As we have just said, the employer must also show that the BFOQ is reasonably necessary to the business "essence." Diaz, supra at 388
 
 
 [3]
 Another reason for allocating the burden of proof to defendants in BFOQ cases, but not in good cause or differentiating factors other than age cases, is that the establishment of a BFOQ necessarily has an effect beyond the case being litigated since it permits an employer to deal with an entire class of persons on an age-related basis in derogation of the statute
 
 
 [4]
 The district court's ruling was not improper whether judged in the light of abuse of discretion or that of clear error. See EEOC v. Packard, supra at 317-18