William Kuykendall HOUSER (Lillie Belle Houser, survivor in community, substituted in place and stead of William Kuykendall Houser, deceased), Plaintiff–Appellant,

v.

SEARS, ROEBUCK & CO., Defendant–Appellee.

No. 79–4007
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 10, 1980.

Glenn & Houser, R. W. Bill Glenn, Bob Houser, Plano, Tex., for plaintiff–appellant.

Clark, West, Keller, Butler & Ellis, Allen Butler, Richard Leland Brooks, Dallas, Tex., for defendant–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Houser brought this suit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., alleging that his employer, Sears, terminated him because of his age. The jury rendered a verdict in favor of Houser, awarding him damages of $37,271.30; however, the trial court subsequently granted Sears' motion for a judgment notwithstanding the verdict. This appeal followed.[1] Based on our review of the record, we conclude that there was not substantial evidence to support the jury verdict, and we therefore affirm the trial court judgment.

*Standard of Review*

■ This court, in *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc), set forth the standard by which to judge the propriety of a judgment notwithstanding the verdict:

. . . The Court should consider all of the evidence–not just that evidence which supports the non–mover's case–but in a light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair–minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for

directed verdict and judgment n. o. v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences and determine the credibility of witnesses.

*Id.* at 374–75. This standard applies as well in our review of the trial court's granting of a judgment n. o. v. *Maxey v. Freightliner Corp.*, 623 F.2d 395, 397 (5th Cir. 1980).

*The ADEA Plaintiff's Burden of Proof*

■ In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), the Supreme Court set forth the criteria necessary to establish a prima facie case of employment discrimination. This court has adopted with modifications the *McDonnell Douglas* test for age discrimination in employment. *McCorstin v. United States Steel Corp.*, 621 F.2d 749 (5th Cir. 1980); *Price v. Maryland Casualty Co.*, 561 F.2d 609, 612 (5th Cir. 1977); *Marshall v. Goodyear Tire & Rubber Co.*, 554 F.2d 730, 735 (5th Cir. 1977). To establish a prima facie case of age discrimination, the plaintiff must prove: (1) his membership in the protected class, (2) his discharge, (3) his qualifications for the position, and (4) his replacement by one outside the protected class. *Marshall v. Goodyear Tire & Rubber, Co., supra*.[2]

■ Once the ADEA plaintiff establishes a prima facie case, the burden of going forward with the evidence shifts to the employer. *Marshall v. Westinghouse Electric Corp.*, 576 F.2d 588, 590–92 (5th Cir. 1978); *Bittar v. Air Canada*, 512 F.2d 582 (5th Cir. 1975). However, even after there is provided evidence of reasonable factors

1. The plaintiff Houser died subsequent to his notice of appeal. By appropriate motion, his widow, as representative of his estate, was substituted as plaintiff.

2. As we have indicated in previous decisions of this court, our own criteria for establishing a prima facie case for age discrimination in em-

ployment, like the *McDonnell Douglas* test, itself, *McDonnell Douglas, supra*, 411 U.S. at 802, 93 S.Ct. at 1824 (n.13), are subject to modification where different factual situations require it. See *McCorstin v. United States Steel Corp., supra; Marshall v. Goodyear Tire & Rubber Co., supra.*

other than age for the employee's discharge,[3] the plaintiff still bears the burden of establishing a case of discrimination by a preponderance of the evidence. *Bittar v. Air Canada, supra,* 512 F.2d at 582–83.

*The Issue Before Us*

■ The plaintiff concedes that the ultimate burden remains with the employee claiming age, discrimination, but nevertheless contends that, once (as here) a plaintiff shows a prima facie case of age discrimination and a defendant elicits evidence of good cause, "the jury must be allowed to render a verdict *unless there is no substantial evidence which would support a jury verdict.*" In terms of *Boeing* and of the facts of this case, then, the jury verdict must be allowed to stand (and, consequently, the district court's grant of judgment n. o. v. must be reversed) unless the facts point so clearly and overwhelming that Sears fired Houser for a non–pretextual reasonable cause not based on age. Stated another way, before the judgment n. o. v. can stand, there must be a complete absence of probative evidence by which the jury could reasonably have found or inferred that Sears' reason for firing Houser was based on considerations stemming from his age.

*Factual Showing*

The evidence shows substantially without dispute that Houser was an exceptionally able, diligent, and hard–working manager, with an upward rise in responsibilities and salary as a Sears employee from his initial employment at age 35 in 1957 until he was fired at age 54 in 1975 after eighteen years of service. The incident giving rise to his discharge arose during his service as credit manager at the Webbs Chapel branch in Dallas. At the end of November, 1974, Houser took a payment from one customer (Jensen) and applied it to another account (the Pennington account).

The evidence shows no reason to doubt that this deliberate misapplication by Houser of funds from one account to another primarily arose out of his sincere desire to advance the best interests of his employer, Sears. There is not the slightest hint of a dishonest or self–serving motive or result in the act. Houser believed the delinquent Pennington's assurance that Pennington would make a belated payment within five days. By crediting the Pennington account at that time with a payment, Houser saved the account from becoming in default, which would require repossession of $2400 worth of draperies, with about a 90% loss to Sears on the repossessed goods. (However, just as indisputably, Houser knew that, aside from the elementary moral principle that one person's money should not be diverted to another customer's account, this misapplication was in violation of Sears' policy.[4]) Since in fact Pennington did not make the payment as promised, within five days after the misapplication Houser properly credited the Jensen account with the payment (and likewise debited the Pennington account by causing deduction of the improperly allowed credit).

Shortly thereafterwards, as of January 3, 1975, Houser was promoted to the McAllen store as credit manager at a salary some $200 greater than that paid him in his prior position. On December 30, 1974, Houser notified his replacement at the Webbs Chapel store of his actions with regard to the Pennington account. Immediately thereafter, his replacement reported this information to a supervisory employee, who asked Houser to resign on January 6, 1975. Houser then brought this suit, alleging that he was terminated solely because of his age.

*No Substantial Evidence to Permit Inference of Age Discrimination*

In its order granting Sears' motion for judgment notwithstanding the verdict, the

---

3. The ADEA specifically provides that it is not unlawful for an employer to discharge an employee where the discharge was based on reasonable factors other than age or where the discharge was for good cause. 29 U.S.C. § 623(f).

4. In fact, Houser's testimony showed that he had ended a practice of subordinate employees sometimes advancing *their own* money as a payment on a delinquent account, in order to save the repossession and the loss of profits for the store (and for their department's record).

district court found that Houser had produced a prima facie case under the ADEA: Houser was terminated at age 54;[5] he was qualified for the position of credit manager, based upon his 18 years of experience with Sears; and he was replaced by a 29 year old.

In nevertheless granting the motion for judgment notwithstanding the verdict, the court stated:

> Sears fully met its burden of going forward in that it produced evidence that the plaintiff's discharge was a result of the plaintiff's misapplication of funds under his supervision. There is no substantial evidence or inference to permit a finding that the reason proffered by Sears was a pretext for age discrimination against the plaintiff. Consequently, the plaintiff failed his burden of establishing a case of age discrimination by a preponderance of the evidence. Indeed, he produced no evidence or inference, other than his own conclusory allegations, to show that Sears' reason was a pretext for discrimination. Similarly, there was no substantial evidence or inference upon which a jury could find that Sears willfully discharged the plaintiff because of his age. Plaintiff correctly notes that cases of employment discrimination frequently must rely upon circumstantial evidence to show motivation. Nevertheless, plaintiff has shown no substantial evidence, either direct or circumstantial, to favor his position that the discharge occurred due to age discrimination or that Sears' claimed reason for discharge was pretextual.
>
> I therefore conclude that the evidence and inferences point so strongly in favor of Sears that reasonable men could not arrive at a contrary verdict.

The plaintiff argues that the jury's verdict was incorrectly set aside because the evidence permitted a reasonable inference by the jury that the reason was pretextual and that the real reason was to replace him

by a younger man not entitled to participate in the highest profit–sharing available to Sears employees, by reason of which Houser, an eligible for the plan, could have taken partial retirement within a short time after the date upon which he was fired.

In support of his contention that the firing was pretextual, Houser relied on his own generalized testimony that employee violation of Sears' credit policies were often not the occasion for discharge. Another employee witness corroborated that he knew of instances where the credit manual was not followed, but that he had no knowledge of any intentional misapplication of money to the wrong account (Tr. of evid., p. 231). On cross–examination, Houser likewise admitted that he was not personally aware of an intentional diversion of money from one customer's account to another's by any other Sears employee (Tr. p. 110).

We are unable to find that this testimony created evidence permitting a reasonable jury inference that the firing of Houser because of his misapplication of funds (however well–intentioned) was merely a pretext for his firing. We pretermit the lack of any evidence of age discrimination animus directed toward Houser, who had been promoted just a few days before the firing. The employer's act in discharging for misapplication of funds (however well–intentioned) an employee in the sensitive position of credit manager must be considered a reasonable non–age–related cause for the employer's act, at least in the complete absence of evidence that similarly situated employees had not been so treated.

*Conclusion*

Since there was no substantial evidence permitting a jury inference that the plaintiff Houser had been discharged for reasons relating to age, we find no error in the district court's grant of the defendant's motion for judgment notwithstanding the verdict. AFFIRMED.

---

**5.** The ADEA protects individuals who are at least 40 years of age but less than 70 years of age. 29 U.S.C. § 631.