Marcel **CARTER**, Plaintiff–Appellant,

v.

**MALONEY TRUCKING & STORAGE, INC.**, Defendant–Appellee.

No. 79–3251
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1980.

Paul Brian Spurlock, New Orleans, La., for plaintiff–appellant.

Perrin C. Butler, New Orleans, La., for defendant–appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

THOMAS A. CLARK, Circuit Judge:

Appellant in this action, Marcel Carter, brought suit under 29 U.S.C. § 621 *et seq.* alleging that his former employer, Maloney Trucking & Storage, Inc. ("Maloney"), had discriminated against him on the basis of age. Carter alleged that his age was a determinative factor in defendant's refusal to rehire him when he sought reemployment and therefore violated the Age Dis-crimination in Employment Act. The dis-trict court found in favor of Maloney and dismissed plaintiff's suit with prejudice. Having reviewed the record, we find no error and we affirm.

In early November, 1971, Marcel Carter applied for employment with his former employer, Maloney Trucking & Storage, Inc. Carter, then aged 62, hoped to obtain his old job as a truck driver. From 1954 until 1966 Carter had been a dependable and energetic Maloney employee and was highly regarded by his supervisors, earning the nickname "The Cannonball." However, sometime around 1965, Carter began work-ing fewer and fewer hours in order to man-age a neighborhood bar which had been run by his recently deceased wife. By the end of the year Carter's union steward request-ed that Maloney grant Carter a leave of absence, but Carter never returned to full—time employment.

On August 5, 1967, Carter shot and killed a Maloney employee, Ernest Northless, in a dispute over an air conditioner compressor. On the night Carter was arrested for the murder, his home was firebombed by indi-viduals who were generally believed to be friends of the murdered man. At that time Carter lived in a house owned by Maloney adjacent to the Maloney truck yard. Al-though the arsonists were never positively identified, it was determined that they had thrown gasoline on the front porch, lit the fluid, and allowed the house to go up in flames.

Subsequently, Mr. Carter was tried and convicted by a jury of first degree murder. Carter did not, however, receive the death penalty and, subject to a plea bargain, the first degree murder conviction was reduced to manslaughter. For this offense plaintiff served six years at the Louisiana State Pen-itentiary at Angola.

In the fall of 1971 Carter became eligible for parole. As a precondition to release, Carter was required to seek and secure em-ployment before being permitted to leave the penitentiary. In an effort to help Car-ter obtain employment, his parole officer,

John Coca, contacted Carter's former employer, Maloney Trucking, and asked the Executive Vice President in charge of hiring, Mr. Cruthirds, to consider rehiring the plaintiff–appellant. At that time Cruthirds stated "You've got to be kidding, put a man like that in my employment. No way." (Trial trans. 72.)

Although Cruthirds readily volunteered evidence about Carter's earlier exemplary performance with Maloney, Cruthirds testified that the Northless murder and the ensuing firebombing of Carter's home had convinced Cruthirds that plaintiff Carter was a "dangerous man." It was Cruthirds' belief that Carter's home had been firebombed by fellow Maloney employees who had been friends of the murdered man, Ernest Northless. Cruthirds further testified that the rehire of Marcel Carter would cause deep animosity on the part of Northless' friends, and he feared that ensuing tension might set off further violence, endangering life and property.

■ It is well settled that in determining the propriety of the district court's judgment for the employer we must look to whether plaintiff has established sufficient facts to prove that age was a determinative factor in his employer's refusal to rehire him. First, plaintiff must introduce evidence sufficient to constitute a prima facie showing of discrimination. This standard was first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a Title VII case. Later, in *Marshall v. Sun Oil Co.*, 605 F.2d 1331 (5th Cir. 1979), the Fifth Circuit held that the *McDonnell Douglas* guidelines were directly analogous to ADEA suits, and therefore in determining whether plaintiff had proven his age discrimination claim, the *McDonnell Douglas* guidelines would be controlling.

Carter met the initial burden of establishing a prima facie showing of discrimination sufficient to shift the burden of going forward with the evidence to defendant-appellee. In *Bittar v. Air Canada*, 512 F.2d 582 (5th Cir. 1975), this circuit stated:

Upon a prima facie showing by the plaintiff, there is a shift, but not in the burden of proof. Only the burden of going forward with the evidence shifts to the defendant-employer. Once the defendant-employer comes forward with evidence that the plaintiff was discharged because of *reasonable factors* other than age, the plaintiff must still bear the burden of establishing a case of discrimination by a preponderance of the evidence.

512 F.2d at 582–83 (citations omitted; emphasis added).

Similarly, in *Board of Trustees v. Sweeney*, 439 U.S. 24, 25 n. 2, 99 S.Ct. 295, 296, 58 L.Ed.2d 216 (1978), the Supreme Court stated,

To dispel the adverse inference from a prima facie showing under *McDonnell Douglas*, the employer need only articulate some legitimate, nondiscriminatory reason for the employer's rejection . . . . While words such as 'articulate', 'show', and 'prove', may have more or less similar meanings depending upon the context in which they are used, we think that there is a significant distinction between merely 'articulating' some legitimate, nondiscriminatory reason and 'proving' absence of discriminatory motive. . . . We make it clear that the former will suffice to meet the employer's prima facie case of discrimination.

■ Applying this analysis to the facts before us, Maloney's explanation for its refusal to rehire Marcel Carter qualifies as a "legitimate nondiscriminatory reason" and is therefore sufficient to rebut plaintiff's prima facie case. Once a legitimate reason is produced by the defendant employer for failure to rehire, the burden of going forward again rests upon plaintiff. "[P]laintiff then must show that it was not the real reason for his rejection or discharge, but rather a pretext for discrimination." *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825.

■ In affirming the lower court's decision, we focus on this aspect of the *McDonnell Douglas* guidelines. The trial court found that defendant had introduced credi-

ble evidence which "negate[d] any inference that its failure to employ Mr. Carter in 1972 resulted from his age at that time." The court also found the testimony of Mr. Cruthirds "to be sincere and straight–forward." On appeal, we must give due deference to the trial court's opportunity to observe, firsthand, witness demeanor and credibility, and we cannot disregard credibility findings in the absence of facts which would compel contrary inferences. Here, the record supports the trial court inasmuch as Cruthirds, at the time of trial, was retired and not shown to have any interest in the company. Having come forward with evidence that Maloney employees harbored prejudice against Carter because of the Northless murder and that defendant believed Carter to be a "dangerous" man, it was incumbent upon plaintiff to show that defendant's reasons were "pretextual."

Having carefully considered the record, however, we must agree with the trial judge that plaintiff failed to sustain his burden of proving by a preponderance of the evidence that age was a determinative factor in Maloney's employment decision.

AFFIRMED.