Arthur **SHARPE, Wanda Sharpe and Mississippi Veterans Farm and Home Board, Plaintiffs,**

v.

**EMPLOYERS MUTUAL CASUALTY COMPANY, Defendant.**

Civ. A. No. E83-0058(L).

United States District Court, S.D. Mississippi, E.D.

Jan. 23, 1986.

William C. Walker, Jr., University Law Center, University, Miss., Ronald S. Cochran, Biloxi, Miss., for plaintiffs.

Joe W. Hobbs, Hobbs and Brand, Jackson, Miss., for defendant.

## ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of the defendant, Employers Mutual Casualty Company, for judgment notwithstanding the verdict as it relates to punitive damages. At the trial of this action, defendant requested a directed verdict following the conclusion of plaintiffs' case-in-chief and the court denied the motion. Defendant renewed its motion at the end of the trial. The jury returned a verdict in favor of plaintiffs for $2600.00 actual damages and $125,000.00 punitive damages.

In *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969) (en banc) and its progeny,[1] the Fifth Circuit has established that, in considering a motion for judgment notwithstanding the verdict, the court should consider all of the evidence "in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Boeing*, 411 F.2d at 374. The motion should be granted "only if the evidence points so strongly and overwhelmingly in favor of the moving party that the court believes reasonable persons could not arrive at a contrary verdict." *Dalton v. Toyota Motor Sales, Inc.*, 703 F.2d 137, 140 (5th Cir.1983).

Plaintiffs' claims for punitive damages are premised on assertions that the defendant, in denying plaintiffs' insurance policy claims, acted in "bad faith." The Mississippi Supreme Court has often addressed the availability of punitive damages in such cases, although not with the precision necessary to provide adequate guidance to the court and counsel. The court has stated that punitive damages will lie in a "bad faith" case when the insurer lacks an "arguable reason" for denying coverage; this term, however, does not "diminish the rule regarding the resolution of punitive damages because the assessment is no different in 'bad faith' cases than in other punitive damage cases." *State Farm Fire & Casualty Co. v. Simpson*, 477 So.2d 242, 250 (Miss.1985). The Mississippi Supreme Court has made clear that the imposition of punitive damages should be reserved for the most extreme of cases. "Punitive damages are not recoverable for breach of contract unless such breach is attended by some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort." *Lincoln National Life Insurance Co. v. Crews*, 341 So.2d 1321, 1322 (Miss.1977). "In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evidencing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule." *Standard Life Insurance Co. v. Veal*, 354 So.2d 239, 247 (Miss.1978) (quoting *Fowler Butane Gas Co. v. Varner*, 244 Miss. 130, 150, 141 So.2d 226, 233 (1962)). Defendant's actions cannot be likened to those which, in the opinions of the Mississippi Supreme Court, merit the imposition of punitive damages. "[N]ot all denied claims constitute the gross, wanton or intentional conduct essential to the creation of an independent tort for which punitive damages will lie." *State Farm*, at 250.

This court has reviewed all of the evidence presented in the light most favorable to plaintiffs and is of the opinion that the

---

1. *See, e.g., Dalton v. Toyota Motor Sales, Inc.,* 703 F.2d 137, 140 (5th Cir.1983); *Doucet v. Diamond M Drilling Co.,* 683 F.2d 886, 889 (5th Cir.), *cert. denied,* 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1982); *Houser v. Sears, Roebuck & Co.,* 627 F.2d 756, 757 (5th Cir.1980); *Jefcoat v. Singer Housing Co.,* 619 F.2d 539, 543 (5th Cir.1980).

evidence is "strongly and overwhelmingly" in favor of defendant and that reasonable and fair-minded persons could not reach a contrary verdict. Accordingly, defendant's motion for judgment notwithstanding the verdict should be granted.

It is, therefore, ordered that defendant's motion for judgment notwithstanding the verdict is granted. A separate judgment shall be submitted in accordance with the local rules.