**F. Ray MARSHALL, Secretary of Labor, U. S. Department of Labor, Plaintiff-Appellant, Cross-Appellee,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION et al., Defendants-Appellees, Cross-Appellants.**

**No. 76–3672.**

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1978.

Marvin Tincher, Regional Atty., Nashville, Tenn., Carin Ann Clauss, Associate Sol., Alfred G. Albert, Acting Sol., Jacob I. Karro, Heidi D. Miller, Attys., U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellant, cross-appellee.

Ray C. Muller, Miami, Fla., Stuart Saltman, Pittsburgh, Pa., Herbert B. Mintz, Miami, Fla., for defendants-appellees, cross-appellants.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

In his Petition for Rehearing and for Rehearing En Banc, Appellant urges that the prior opinion in this case, 576 F.2d 588 (5th Cir. 1978), is inconsistent with the holdings of *Hodgson v. First Federal Savings & Loan Assoc.,* 455 F.2d 818 (5th Cir. 1972), and *Turner v. Texas Instruments, Inc.,* 555 F.2d 1251 (5th Cir. 1977). We recognize that *Hodgson* might be read to have held that in a suit involving the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, once the plaintiff establishes a prima facie case, the burden of persuasion as well as the burden of production shifts to the defendant. *See, e. g., Rodriguez v. Taylor,* 569 F.2d 1231, 1239 n.15 (3d Cir. 1977), *cert. denied,* 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978); *United States v. Hayes International Corp.,* 456 F.2d 112, 120 (5th Cir. 1972). The *Hodgson* panel, however, never explicitly characterized the burden that shifted to defendant. Furthermore, several later panels in this circuit have read *Hodgson* differently than the above courts and have stated that only the burden of production should shift to the ADEA defendant. *Price v. Maryland Casualty Co.,* 561 F.2d 609, 612 (5th Cir. 1977); *Marshall v. Goodyear Tire and Rubber Co.,* 554 F.2d 730, 736 (5th Cir. 1977); *Bittar v. Air Canada,* 512 F.2d 582, 582 (5th Cir. 1975). Whatever the interpretation we might now give to *Hodgson,* we feel constrained by these later cases to adhere to our original holding that only the burden of production shifts to the defendant once an ADEA plaintiff establishes a prima facie case. The opinions that have cited *Hodgson* for the contrary proposition are not persuasive in this case because they either have concerned non-ADEA controversies or they are from other circuit courts of appeals. It is for this reason also that we must refuse to follow the rationale of *Turner v. Texas Instruments, Inc.,* 555 F.2d 1251 (5th Cir. 1977). *Turner* held that, after the plaintiff established a prima facie case, the burden of persuasion shifted to the defendant in a Title VII race discrimination suit. Although Title VII and the ADEA have often been construed similarly, see *Marshall v. Goodyear Tire and Rubber Co.,* 554 F.2d 730, 735 (5th Cir. 1977), we cannot automatically apply Title VII precedent when there is, as here, a long line of ADEA cases that require a contrary result.

Accordingly, the Petition for Rehearing is Denied and no member of this panel or Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth

Circuit Rule 12) the Petition for Rehearing En Banc is Denied.