Jerome W. HARPRING,
Plaintiff–Appellant,

v.

CONTINENTAL OIL COMPANY,
Defendant–Appellee.

No. 79–2934
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 16, 1980.

Robert D. Patterson, Jan P. Patterson, Aberdeen, Miss., for defendant–appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

SAM D. JOHNSON, Circuit Judge:

Appellant Harpring, a man in his early fifties, appeals from the district court's judgment in favor of his former employer, appellee Continental Oil Company (Conoco), in a 29 U.S.C.A. § 623(a)(1) age discrimination suit. Harpring contends that the district court was clearly erroneous in finding that age was not the cause of his discharge. This Court affirms the district court.

Harpring's version of the facts paints a picture of an employee who, after his employer had given him a job to do, was then shackled by his employer from effectively carrying out his duties. Harpring was hired as a senior process engineer at a Conoco chemical plant in Aberdeen, Mississippi. The chief process engineer, Mr. Michels, allegedly assumed direct supervisory control over all junior engineers, a function that Harpring claimed he had been hired to do. Harpring also claimed that, after he had received a lowered performance rating that meant discharge in ninety days unless his performance improved, he had been given more assignments than he could complete within a given length of time.

The version of the facts set forth on behalf of Conoco by Michels, corroborated in part by other Conoco employees, was that Harpring's work was incomplete, incomprehensible, and generally of poor quality, and that he lacked necessary supervisory and organizational skills. The witnesses for Conoco testified that Harpring's age had nothing to do with Conoco's dissatisfaction and ultimate discharge of Harpring.

Harpring tried to show that though he was qualified for his job, and that his work

William M. Pace, Aberdeen, Miss., for plaintiff–appellant.

had been satisfactory, he was a victim of a "youth trend" at the plant. One of the Conoco officials also told the plant manager that there were too many supervisory people at the Aberdeen plant.

Harpring also insisted that a second–level evaluation of employees disproportionately affected more employees in the protected age group and thus was the means by which Conoco effectuated its discriminatory practice. Conoco witnesses, on the other hand, denied that the second–level review was ever used at the Aberdeen plant because that plant did not have a statistically enough large group of employees to conform the second–level review evaluations to a bell–shaped curve on a graph. The Conoco witnesses did state that the second–level review appeared to adversely affect employees ages forty to sixty–five: the ratings of engineers only six months out of school were raised in the second–level evaluation to compensate for their inexperience so as to more equitably compare their skills with those of experienced engineers. The Conoco witnesses also stated that while age was never discussed in employee performance reviews, the dates of birth of the employees are on the evaluation forms.

During the bench trial, the court permitted Harpring's counsel to draw a bell–curve on the blackboard, but refused to allow Harpring's counsel to introduce bell–curve charts in rebuttal four months after the trial of the case in chief. Over Harpring's objection, Harpring was also required to testify about his assets and non–work income. The court further refused to allow him to introduce testimony about the details of why a former Conoco employee in the protected age group was discharged, although evidence that the witness had been involuntarily discharged was introduced.

The district court found that while Harpring had made out a prima facie case of age discrimination, Conoco had successfully defended by stating a legitimate, nondiscriminatory justification for the discharge, and that Harpring had failed to show that the stated reason was a mere pretext for discharging him on the basis of his age. Harpring contends that the district court committed error because Conoco failed to prove by a preponderance of the evidence that Harpring was discharged for good cause, and because Harpring had proven a pattern and practice of age discrimination that resulted in his discharge. Harpring also contends that the court erred in admitting the evidence concerning his non-work income and assets, in excluding the evidence in the form of bell–curve charts, and in excluding the testimony of the former Conoco employee concerning the circumstances of that witness' discharge.

■ In this Circuit, plaintiff makes out a prima face age discrimination case when he shows that he (1) belongs to the statutorily protected age group, (2) was qualified for the job, (3) was discharged, and (4) was replaced by a person outside the protected group. *Price v. Maryland Casualty Co.*, 561 F.2d 609, 612 (5th Cir. 1977). *But see McCorstin v. United States Steel Corp.*, 621 F.2d 749 (5th Cir. 1980) (abolishing fourth requirement in age discrimination cases).

■ Once the prima facie case is made out, the employer then has the burden to produce evidence tending to show that the employee was discharged for a legitimate, nondiscriminatory reason such as good cause. *Marshall v. Westinghouse Electric Corp.*, 582 F.2d 966, 967 (5th Cir. 1978); *Marshall v. Westinghouse Electric Corp.*, 576 F.2d 588, 590–92 (5th Cir.), *aff'd*, 582 F.2d 966 (5th Cir. 1978) (en banc). *Price v. Maryland Casualty Co.*, 561 F.2d at 612–13; *Marshall v. Goodyear Tire & Rubber Co.*, 554 F.2d 730, 736 (5th Cir. 1977); *Bittar v. Air Canada*, 512 F.2d 582, 582–83 (5th Cir. 1975); *Moore v. Sears, Roebuck & Co.*, 464 F.Supp. 357, 363 & n. 8 (N.D.Ga.1979). The employer does not have to show the legitimate reason for discharge by a preponderance of the evidence, rather he merely has to come forward with relevant evidence to satisfy his burden of production. *Marshall v. Westinghouse Electric Corp.*, 582 F.2d at 967; *Marshall v. Westinghouse Electric Corp.*, 576 F.2d at 591–92; *Bittar v. Air Canada*, 512 F.2d at 582–83. *See Schwager*

*v. Sun Oil Co. of Pennsylvania*, 591 F.2d 58, 61 (10th Cir. 1979). Because the plaintiff retains the burden of persuasion at all times, it is incumbent upon the plaintiff to rebut the employer's assertion of a legitimate reason by showing—on a preponderance of the evidence—that the stated reason is a mere pretext or cover–up for a discriminatory discharge. *Marshall v. Westinghouse Electric Corp.*, 576 F.2d at 590–92; *Bittar v. Air Canada*, 512 F.2d at 583; *Moore v. Sears, Roebuck & Co.*, 464 F.Supp. at 363. *See Loeb v. Textron, Inc.*, 600 F.2d 1003, 1011–12 (1st Cir. 1979); *Schwager v. Sun Oil Co. of Pennsylvania*, 591 F.2d at 61. Harpring's contention that Conoco failed to meet its burden by merely articulating that it discharged Harpring for good cause is thus without merit.

■■■ Because Conoco met its burden of production, the question central to this case is whether Harpring showed by a preponderance of the evidence that the stated reason was pretextual because Conoco engaged in a pattern and practice of discrimination or had discharged this particular employee on impermissible age grounds. The district court held that Harpring failed to meet his burden of persuasion. Appellate courts can reverse the district court's subsidiary fact findings and credibility choices only when they are clearly erroneous. *Williams v. Tallahassee Motors, Inc.*, 607 F.2d 689, 690 (5th Cir. 1979); Fed.R.Civ.Proc. 52(a). Although there is conflicting evidence on whether Conoco impermissibly discharged appellant, there is sufficient evidence in the record for this Court to conclude that while the district court holding may not necessarily be clearly correct, it is not one that "on the entire evidence [leaves this Court] with the definite and firm con-

viction that a mistake has been committed." *Ramirez v. Sloss*, 615 F.2d 163, 166 (5th Cir. 1980) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948)).[1]

Harpring also raises three evidentiary objections. The most serious is to the testimony limitation on a former Conoco employee within the protected age group. This witness was to explain how the second–level review resulted in his involuntary discharge. The court excluded the details of that witness' review application on the ground of not trying another age discrimination lawsuit. The court did allow the witness to testify on how the second–level review was applied to employees under his supervision. The witness stated that he participated in only one second–level review, that of an employee within the protected age group, and that the evaluation for that employee was lowered. Harpring intended to call an additional witness to testify on how the second–level review was applied to that second witness' involuntary discharge. In light of the testimony limitation on the first witness, Harpring did not call the second witness. Harpring was able to introduce statistical evidence to prove up a pattern and practice of discrimination, and intended to call only these two witnesses to provide specific examples of similar treatment of similarly situated employees.

■■■ It is clear that the testimony of the similarly situated employees and the reasons for their discharge are relevant in proving a pattern and practice of age discrimination. *Schulz v. Hickok Manufacturing Co.*, 358 F.Supp. 1208, 1212 (N.D.Ga. 1973); Fed.R.Evid. 401. *See also* Fed.R. Evid. 404(b). The district court, however, is

---

1. Harpring has levelled the serious charge that Conoco involuntarily discharges a professional employee approximately every six months, ensuring that each case would be a one–on–one—rather than class—confrontation with the corporation because notice of intent to sue must be filed with the Secretary of Labor within 180 days of the alleged unlawful practice. 29 U.S.C.A. § 626(d). *See generally LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975); *Price v. Maryland Casualty Co.*, 62

F.R.D. 614 (S.D.Miss.1972). Such a practice, if true, would dilute the litigation strength Conoco must oppose. Manipulation of the jurisdictional prerequisites is a proper matter for the Secretary of Labor to investigate. 29 U.S.C.A. §§ 624, 626(a) & (b), 632. The district courts should also be on guard against such manipulation. *See Coke v. General Adjustment Bureau, Inc.*, 616 F.2d 785, 788–90 (5th Cir. 1980) (equitable tolling of notice filing requirement).

empowered with discretion to exclude relevant evidence if its probative value is substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R.Evid. 403. Exclusion of evidence in age discrimination cases as irrelevant or as relevant but outweighed by other considerations is to be reversed only if it was an abuse of discretion. *Wilson v. Sealtest Foods Division of Kraftco Corp.*, 501 F.2d 84, 87 (5th Cir. 1974).

Although the district court—apparently for waste of time—excluded the testimony of Harpring's witness because it would involve trying another lawsuit within the existing lawsuit, it also appears to this Court that the excluded testimony on the application of the second–level review to that witness would have been cumulative evidence. Harpring intended to call only two witnesses to provide specific examples of the alleged pattern and practice of age discrimination. Harpring was allowed to introduce statistical evidence to make his case on pattern and practice. Therefore, the specific examples would have been cumulative of the statistical evidence. Had Harpring been unable to produce statistical evidence to show a pattern and practice of discrimination, then specific examples would have clearly been both relevant and non–cumulative. But that is not the case here.[2] This Court thus finds that the district court did not abuse its discretion.

Harpring's second objection is that the exclusion of graphic charts of employee performance ratings—showing bell–shaped curves—was erroneous. The judge excluded this evidence on the ground that it was testimony that would probably have been admissible in chief, but that to admit it at this juncture would permit if not necessitate the defendant to take it, analyze it, and reply to it, opening up the case again. Without determining whether the judge's reasons for his ruling are correct, it appears that because the graphic evidence was cumulative the district court did not abuse its discretion. Fed.R.Evid. 403.

Harpring's final point is that he was required to testify, and the court admitted the testimony, about his non–work income and assets. This Court finds the admission not to be reversible error because, while the evidence was irrelevant to the issue of defendant's liability for age discrimination, the error was harmless. Fed.R.Evid. 103.

For the foregoing reasons, the district court is

AFFIRMED.

---

2. Harpring is not claiming that the excluded testimony was necessary to explain how the second–level review operated in general, rather he is claiming that the excluded testimony was *necessary to specifically illustrate* how the second-level review was used to effectuate a pattern and practice of discrimination. Even if Harpring had claimed that the testimony on the specific application of the evaluation to the witness was necessary to show how the second-level review operated in general, that argument would have been without merit. The witness did testify on the specific application of the second–level review to employees under that witness' supervision, a situation in which the witness was much more familiar with the application of the second level–review than when it had been applied to him.