Manuel L. GARNER, Appellant

v.

Daniel J. BOORSTIN, Librarian of Congress.

No. 81–2266.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 16, 1982.

Decided Oct. 15, 1982.

Joel D. Joseph, Washington, D. C., for appellant.

John W. Polk, Asst. U. S. Atty., Washington, D. C., with whom Stanley S. Harris, U. S. Atty., and Royce C. Lamberth and R. Craig Lawrence, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Kenneth M. Raisler, Asst. U. S. Atty., Washington, D. C., entered an appearance for appellee.

Before WRIGHT, WALD and MIKVA, Circuit Judges.

Opinion for the court PER CURIAM.

PER CURIAM:

Appellant, Manuel L. Garner, sued Daniel J. Boorstin, Librarian of Congress, appellee, alleging that the Library of Congress (Library) denied him promotion to Sergeant of the Special Police because of his race, sex, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(a) (1976), and of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a(a) (Supp. IV 1980). He also claimed that in denying him promotion, the Library violated the Veterans' Preference Act, 5 U.S.C. §§ 2108, 3310 (1976). After a bench trial,[1] the District Court entered judgment for the appellee, concluding that appellant Garner had not proven by a preponderance of the evidence that he had been a victim of intentional discrimination. On appeal, appellant raises several contentions, none of which support reversal of the District Court's judgment.

However, we write in this case to clarify the precise method of analysis to be applied in adjudicating cases arising under Title VII and ADEA.[2] In a series of recent decisions, the Supreme Court has clearly established a burden of proof scheme designed to provide a "sensible, orderly way to evaluate the evidence" in disparate treatment cases. *Furnco Construction Co. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978). The District

---

1. The trial was held only on the discrimination allegations. The judge had already dismissed the Veterans' Preference Act claim on motion by appellee.

2. This court and other circuits have generally applied the Supreme Court's criteria for the allocation of burdens of proof in Title VII cases to cases alleging violation of the closely analogous Age Discrimination in Employment Act. *See, e.g., Johnson v. Lehman,* 679 F.2d 918, 921–22 (D.C.Cir.1982); *Sutton v. Atlantic Richfield Co.,* 646 F.2d 407, 411 (9th Cir. 1981); *Harpring v. Continental Oil Co.,* 628 F.2d 406, 408 (5th Cir. 1980), *cert. denied,* 454 U.S. 819, 102 S.Ct. 100, 70 L.Ed.2d 90 (1981). *But cf. Loeb v. Textron, Inc.,* 600 F.2d 1003, 1016–19 (1st Cir. 1979) (methods of proof used in non-jury Title VII cases may be modified for use in ADEA jury trials).

Court's memorandum opinion sets forth a persuasive presentation of the evidence that weighed against appellant's claims. But the opinion fails to make explicit whether appellant ever succeeded in passing the threshold requirement in such suits—establishing a prima facie case of disparate treatment.[3] The elements of a prima facie case of racial discrimination were most recently restated by the Supreme Court in *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). A plaintiff must show: "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *Id.* at 253 n. 6, 101 S.Ct. at 1094 n. 6 (*quoting McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)).[4]

For most plaintiffs, establishing a prima facie case will not be difficult. The District Court must, however, look closely to ensure that plaintiff has in fact met this initial burden. Proving these four elements serves the important function of eliminating the two most common nondiscriminatory reasons for an employee's rejection—lack of adequate qualifications and lack of job opportunity. *See Burdine, supra,* 450 U.S. at 253–54, 101 S.Ct. at 1093–1094. Only then may the court legitimately infer that the decision was "more likely than not" based upon impermissible factors and so require the employer to come forward with an alternative, nondiscriminatory explanation. *See Furnco Construction, supra,* 438 U.S. at 577, 98 S.Ct. at 2949.

In this case, both the trial proceedings and the resulting opinion implicitly indicate that the District Judge believed appellant had presented a prima facie case of race, sex, and age discrimination. If he had not, the trial court would have granted appellee's motion to dismiss the case under Fed.R.Civ.P. 41(b), thereby concluding the trial at the close of appellant's presentation. *See* Transcript at 147. The facts also support the conclusion that appellant had proven a prima facie case. The record clearly shows that appellant was a black, 52-year-old male and thus a member of protected classes under Title VII and ADEA. He applied for and was denied a promotion to Sergeant—a position for which he was at

---

3. Of course, once a plaintiff has proven his prima facie case by a preponderance of the evidence, the burden then shifts to the defendant " 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' " *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–1094, 67 L.Ed.2d 207 (1981) (*quoting McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). If the defendant carries this burden of production and if his evidence is credible, the plaintiff must then show by a preponderance of the evidence that these legitimate reasons offered by defendant were not relevant to his case and thus were merely pretextual. *Id.* at 253, 101 S.Ct. at 1094.

4. The Supreme Court has repeatedly warned against applying these criteria too rigidly:

> The facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations.

*McDonnell Douglas, supra* note 3, 411 U.S. at 802 n.13, 93 S.Ct. at 1824 n.13; *Burdine, supra* note 3, 450 U.S. at 253–54 n. 6, 101 S.Ct.

at 1093–1094 n. 6. In particular, since neither *McDonnell Douglas* nor *Burdine* were employee promotion cases, we follow the other circuits in adapting the phrasing of the fourth element to fit the factual variances presented by the instant case. Instead of requiring proof that the positions remained open, it is sufficient that appellant here show that the available positions were filled by individuals with comparable qualifications who were not members of the classes protected by the relevant statutes. *See, e.g., Banerjee v. Board of Trustees,* 648 F.2d 61, 62 (1st Cir.), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981); *Kunda v. Muhlenberg College,* 621 F.2d 532, 545–46 (3d Cir. 1980); *Wilson v. Sealtest Foods,* 501 F.2d 84, 86 (5th Cir. 1974). Other factual patterns may also require some deviation from the original *McDonnell Douglas* formulation. *See, e.g., Stanojev v. Ebasco Services, Inc.,* 643 F.2d 914, 921 (2d Cir. 1981) (direct evidence of discrimination may support prima facie case); *Loeb v. Textron, Inc., supra* note 2, 600 F.2d at 1017 (same).

least "minimally qualified." *See Garner v. Boorstin,* No. 81–1112, slip op. at 2 (D.D.C. Nov. 5, 1981).[5] Finally, the Library filled the six available positions with applicants who had the same basic qualifications as the appellant, some of whom were not within the classes protected by the statutes.

We can understand that the District Court in this case may have felt it unnecessary to find explicitly that appellant had carried his burden of showing a prima facie case; it is manifest that appellee successfully articulated legitimate reasons for the promotion denial and that appellant was unable to meet his ultimate burden of persuasion on the issue of discriminatory motivation. Yet, we remind the District Court that a careful, step-by-step application of the *McDonnell Douglas/Burdine* analytical framework will serve both to organize its own consideration of the evidence and to provide a clearer record for review by this court.

*Affirmed.*

---

5. The District Court's ultimate conclusion was that appellant was not promoted because his application and interview were not as impressive as those of the six applicants chosen for these positions. *See Garner v. Boorstin,* No. 81–1112, slip op. at 3. While this ultimate conclusion is supported by the record in this case, it does not preclude an earlier determination that appellant was sufficiently "qualified" for the position for purposes of establishing his prima facie case. *See Rich v. Martin Marietta Corp.,* 522 F.2d 333, 347–48 (10th Cir. 1975) (plaintiff need not prove that he was most qualified person seeking promotion to make out prima facie case concerning qualifications).