Hazel SHIELDS, et al., Plaintiffs,

v.

The GROCERS SUPPLY COMPANY, INC., Defendant.

Civ. A. No. H–82–845.

United States District Court,
S.D. Texas,
Houston Division.

May 2, 1983.

Kay Berkey Ellis, Edna, Tex., for plaintiffs.

A. Martin Wickliff, Jr., Susan J. Piller, Fulbright & Jaworski, Houston, Tex., for defendant.

### MEMORANDUM, OPINION AND ORDER

McDONALD, District Judge.

Pending before this Court is the Defendant's, Grocers Supply Company, Inc., Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs Hazel Shields and Robert S. Grossman, bring this action pursuant to the Age Discrimination in Employment Act of 1967 (hereinafter ADEA), 29 U.S.C.A. § 621 et seq.

In urging the motion for partial summary judgment, the Defendant argues that it did not discriminate against Plaintiff Grossman on the basis of age since the plaintiff voluntarily elected to take medical retirement as per his physician's instructions. The Defendant also contends that Mr. Grossman is barred from bringing his cause of action because he did not file a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). In opposition to Defendant's Motion, Plaintiff Grossman contends that there are genuine issues of material fact as to the voluntariness of his retirement which preclude a grant of summary judgment. Further, the Plaintiff argues that equity requires in the circumstances before the Court that the time limitation be tolled. Having considered the arguments of the parties and the applicable law, it is the opinion of the Court that Defendant's Motion for Partial Summary Judgment should be DENIED.

In order to establish a prima facie case of age discrimination, the Plaintiff must generally prove that he (1) belongs to the statutorily protected age group; (2) was qualified for the job (3) was discharged; and (4) was replaced by a person outside the protected group. *See Harpring v. Continental Oil Co.*, 628 F.2d 406, 408 (5th Cir. 1980), *cert. denied*, 454 U.S. 819, 102 S.Ct. 100, 70 L.Ed.2d 90 (1981). *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The modification of the *McDonnell* test applied in the age discrimination context is not to be mechanically applied. *See McCorstin v. United States Steel Corp.*, 621 F.2d 749 (5th Cir.1980). Rather, claims under the ADEA should be decided on a case-by-case basis. *See Anderson v. Savage Laboratories, Inc.*, 675 F.2d 1221 (11th Cir.1982).

The Defendant contends that the Plaintiff has failed to raise a genuine issue of material fact with respect to requirement three of a prima facie case of age discrimination. Specifically, Defendant argues that summary judgment is appropriate for Plaintiff Grossman's cause of action because he voluntarily elected to take early medical retirement. In support of this contention, the Defendant points the Court to the circumstances which gave rise to the Plaintiff's early retirement. Prior to his retirement, Mr. Grossman was suffering from a severe case of hypertension which had forced him to remain at home for medical treatment for three weeks. Upon returning to work for two weeks, the Plaintiff found that his medical condition had not significantly improved and he continued to have medical problems associated with his high blood pressure. Dr. Reues stated in a letter dated April 22, 1983, about one week before Plaintiff Grossman resigned, that:

> I have seen above [Plaintiff Grossman] on several occasions over the past five weeks. He has severe essential hypertension and severe endoginous depression. I feel that it is mandatory that he cease working for an extended period of time.
>
> Considering that his retirement age is at and within the next few years, I *suggest* that he take early medical retirement effective now. If further details are desired, I will be happy to provide them. (emphasis added)

According to defendant's version of the facts Mr. Grossman subsequently took medical retirement on the recommendation of his physician.

Plaintiff does not dispute the fact that he resigned but he does argue that there is sufficient evidence to raise a fact question as to whether his resignation or retirement was voluntary.[1] Plaintiff contends that there is sufficient evidence in the record to show that he was the victim of a policy or practice within the company of placing younger men in manager and assistant

---

1. In *Ackerman v. Diamond Shamrock Co.*, 670 F.2d 66 (1982), the Sixth Circuit Court of Appeals found that Ackerman had signed the retirement agreement of his own will. The instant case is factually distinguishable from the *Ackerman* decision in that it is unclear to the Court whether or not Mr. Grossman's retirement was voluntary. Therefore, the Court finds that the rationale of *Ackerman* is not applicable to the instant controversy.

manager positions. Plaintiff also asserts that the circumstances leading up to his resignation establish that he was unfairly denied a promotion and forced out of his job because of discriminatory treatment and pressure he received.

It is clear that a litigant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406, 410 (5th Cir.1980); *Munoz v. International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators,* 563 F.2d 205, 207, n. 1 (5th Cir.1977); *Irwin v. United States,* 558 F.2d 249, 251 (5th Cir.1977); *Central Oil & Supply Corp. v. United States,* 557 F.2d 511, 515 (5th Cir. 1977). Conversely, summary judgment is inappropriate where there exists a genuine issue as to any material fact. *See Keiser, supra,* 614 F.2d at 410; *Nunez v. Superior Oil Co.,* 572 F.2d 1119, 1123 (5th Cir.1978); *A.M.R. Enterprises, Inc. v. United Postal Savings Ass'n,* 567 F.2d 1277, 1279 (5th Cir. 1978); *Clark v. West Chemical Products, Inc.,* 557 F.2d 1155, 1167 (5th Cir.1977); *Meredith v. Hardy,* 554 F.2d 764, 765 (5th Cir.1977).

The party seeking summary judgment has the burden of demonstrating that there exists no genuine issue as to any material fact. *See Farina v. Mission Investment Trust,* 615 F.2d 1068, 1075 (5th Cir.1980); *Keiser, supra,* 614 F.2d at 410; *Gossett v. Du-Ra-Kel Corp.,* 569 F.2d 869, 872 (5th Cir.1978); *Irwin v. United States,* 558 F.2d at 252; *Kellerman v. Askew,* 541 F.2d 1089, 1092 (5th Cir.1976). Summary judgment is appropriate "only when the moving party has established his right to judgment with such clarity that the non-moving party cannot recover (or establish the defense) under any discernible circumstance." *Everhart v. Drake Management, Inc.,* 627 F.2d 686 (5th Cir.1980). In reviewing the pleadings, depositions, answers to interrogatories, admissions and affidavits in order to determine whether a genuine issue of material fact exists, if the facts are unclear and a fuller development of the facts may clarify the application of the law, the Court should not grant the motion for summary judgment. *See Palmer v. Chamberlin,* 191 F.2d 532, 540 (5th Cir.1951).

While summary judgment often is inappropriate to dispose of cases involving intent and motive, the moving party has a right to judgment without the expense of a trial when there are no issues of fact left for the trier of fact to determine. *See First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). In the instant case, the Court finds that it would be premature to grant the defendant's motion for summary judgment. The Court simply cannot conclude that under "any discernable circumstances," the Plaintiff may not establish his claim of age discrimination. Although the evidence is persuasive that Mr. Grossman retired voluntarily, the standard for summary judgment imposes a higher standard. It may be adduced at a later stage of the proceedings that the Plaintiff was in fact the target of impermissible discrimination which forced his resignation. This Court will simply not foreclose this possibility.

Next, the Defendant contends that the Plaintiff failed to timely file a charge of discrimination with the EEOC within 180 days of the alleged act of discrimination. 29 U.S.C. § 626(d)(1). Recently, the United States Supreme Court resolved the conflict in the circuits of whether the 180 day filing period operated as a statute of limitation or a jurisdictional prerequisition to a suit in federal court. In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1972), the Supreme Court held that the filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling. *See Coke v. General Adjustment Bureau,* 640 F.2d 584 (5th Cir.1981). Therefore, the next question to be addressed by

the Court is whether a genuine issue of material fact exists as to equitable tolling.

The Defendant argues that the Plaintiff has not raised any material facts which justify relieving him of the consequences of a failure to timely file. In the opinion of the defendant, the evidence is clear and undisputed that Grossman was aware of his rights under the ADEA and it was only a whim that prompted the plaintiff to file the present action. The Plaintiff disagrees with the above allegation and argues that he had no actual notice of the provisions of the ADEA, including the provisions for time within which a complaint should be filed with the EEOC. Moreover, the Plaintiff asserts that the Defendant failed to comply with its statutory duty to post adequate notice in the workplace of Mr. Grossman sufficient to inform him of his right under the Act. Therefore, Plaintiff contends that under the circumstances of the case equitable tolling is appropriate.

29 U.S.C. § 627 imposes a mandatory obligation upon employees covered by the ADEA to post a notice setting forth information to effectuate the purposes of the Act. The regulation promulgated by the Secretary to implement the statute is 29 C.F.R. § 1627.10.[2] The Secretary's regulation, "will be sustained as long as [they are] 'reasonably related to the purpose of the enabling legislation.' . . . " *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 93 S.Ct. 1652, 1660, 36 L.Ed.2d 318 (1973), quoting, *Thorpe v. Housing Authority,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). This "posting requirement [is] intended to alert other employees to their newly created rights ... [and] enable new employees to protect their rights by pursuing his claims independently or by an attorney to press his rights." *Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761, 764 (5th Cir.1977), *quoting Edwards v. Kaiser Aluminum Chemical Sales, Inc.,* 515 F.2d 1195, 1197 (5th Cir.1975). Courts have generally found tolling appropriate when an employer has failed to post the required notice. *See Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 193 (3d Cir.1977) *cert. denied* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978).

The Court finds that there is a genuine issue of material fact as to whether the Plaintiff had actual or constructive notice of the EEOC filing requirement.[3] Grocer's Supply informed its employees of their ADEA rights by placing a notice on a bulletin board in the employment and front office in the main building on Holcombe, and in the warehouse. During Grossman's term of employment, he worked exclusively in the buildings located on Dixie Drive, Grant Street, and on Hicks Street. In Plaintiff's affidavit, he stated that he was never in the main building more than two or three times a year, rarely visited the employment office, and visited the warehouse only a few times for a few hours during inventory. Nothing in the pleadings, however, discloses whether the notice was posted in a prominent or accessible place in the above locations readily observable to him. These facts in the Court's opinion raise a serious question as to the adequacy of the notice and Mr. Grossman's knowledge of his rights under the Act.

---

**2.** Records to be made or kept relating to age: Notices to be Posted: Administrative Exemptions, 29 C.F.R. § 1627.10 (1979). Section 1627.10 provides

Every employer, employment agency, and labor organization which has an obligation under the Age Discrimination in Employment Act of 1967 shall post and keep posted in conspicuous places upon its premises the notice pertaining to the applicability of the Act prescribed by the Commission or its authorized representative. Such a notice must be posted in prominent and accessible places where it can readily be observed by employees, applicants for employment and union members.

**3.** Plaintiff cites *Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761 (5th Cir.1977) in support of his argument that tolling is appropriate in the cases before this Court. The court does not consider the reasoning of *Charlier* limited to factual situations in which employees work in different geographic locations. Rather, the *Charlier* Court's analysis focused on whether the notice was reasonably calculated and sufficient to inform each employer group of their rights under ADEA.

Accordingly, it is ORDERED, ADJUDGED and DECREED that Defendant's Motion for Partial Summary Judgment be and hereby is DENIED.