865 F.2d 1329
 275 U.S.App.D.C. 230
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Dr. Venkareddy CHENNAREDDY, Petitioner,
v.
U.S. GENERAL ACCOUNTING OFFICE, Respondent.
 No. 88-1076.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before WALD, Chief Judge, and STARR and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the petition for review of an order of the UNITED STATES GENERAL ACCOUNTING OFFICE, and was briefed and argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the court that the petition for review of the UNITED STATES GENERAL ACCOUNTING OFFICE's decision of January 4, 1988, is denied.
 
 
 3
 It is FURTHER ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15.
 
 MEMORANDUM
 
 4
 Dr. Venkareddy Chennareddy ("Chennareddy" or "Petitioner") seeks review of a decision of the General Accounting Office ("GAO") Personnel Appeals Board ("PAB" or "Board") rejecting his claims of employment discrimination in his being passed over for five promotions in 1984. After a review of Chennareddy's allegations, the decision of the Board, and the underlying record, we find that no prejudicial error has occurred and deny the petition for review for the reasons set out more fully below.
 
 I. Background
 
 5
 Chennareddy is a brown-skinned, Asian American male of Indian origin. At the time of the relevant promotion applications, he was 46 years old. At all relevant times, he was employed at a grade of GS-13 in the Program Evaluation and Methodology Division of the GAO. In all five of the instances as to which he complains, the positions were ultimately awarded to white, native-born Americans. In four instances the person promoted was younger than Chennareddy, and in two instances the successful applicant was female. Chennareddy alleges discrimination on the basis of race, color, national origin, and age as to his non-selection for three positions, and race, color, national origin, and sex as to the other two. After an investigation by the Civil Rights Office of the GAO, the Special Assistant to the Comptroller General adopted that Office's recommended decision denying Chennareddy's claim. Chennareddy appealed that final agency decision to the PAB. The PAB, after additional investigation, discovery, and hearing, entered a denial of Chennareddy's petition in an opinion by presiding member Kaufmann, concluding "that the evidence before me does not support a finding that Petitioner's non-selection was the result of discrimination on the part of Respondent by reason of sex, age, race, color, or national origin."
 
 II. Analysis
 
 6
 The parties agree that Petitioner made a prima facie Title VII case for his claims of race, color, national origin, sex, and age discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Garner v. Boorstin, 690 F.2d 1034, 1035-36 (D.C.Cir.1982). After Petitioner makes a prima facie case, Respondent must "present with clarity and reasonable specificity a legitimate, nondiscriminatory reason" for its actions, Valentino v. United States Postal Service, 674 F.2d 56, 63 (D.C.Cir.1982), but is not required to prove that each successful selectee had qualifications superior to those of Petitioner. The Agency retains the discretion to choose among candidates of equal qualification "provided the decision is not based upon unlawful criteria." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981). Though the establishment of the prima facie case by Petitioner does place that limited burden on the Respondent under the McDonnell Douglas analysis, the ultimate burden of persuasion never leaves Petitioner, so that upon the presentation of the legitimate nondiscriminatory reason, Petitioner's burden then requires him to establish that the explanations were not credible or were pretexts for discrimination. See, McDonell Douglas, supra.
 
 
 7
 In each instance, GAO has met its burden. While all of the evidence is to the effect that Dr. Chennareddy is well-qualified for and performs well in his present position, GAO in each instance presented evidence accepted by the trier of fact that the successful applicant had established skills of interpersonal relationship, better or at least equally suiting them to the management positions represented by the available promotion. In one instance, the person promoted was within the same division of GAO while Petitioner was not. The appointing official exercised a legitimate preference for an internal promotion of a known applicant over a less-known applicant from another division. In no instance has Chennareddy established that these reasons were pretextual or that the Board applied the wrong legal standard. Therefore, we review the application of the legal standard to the facts found. Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564 (1985). We review the factual findings under the substantial evidence standard. Chen v. GAO, 821 F.2d 732, 734 (D.C.Cir.1987) (citing PAB's enabling statute, 31 U.S.C. Sec. 755). Each finding by the PAB in this instance is supported by substantial evidence and each application of the legal standard is without error.
 
 
 8
 Our conclusion on the support of the PAB's findings extends to its rejection of Chennareddy's evidence of pretext. Chennareddy offered evidence, of some credibility, that applying certain objective criteria to all the applicants would support a conclusion that he was the better qualified candidate in at least some of the instances before the PAB and this Court. However, these criteria, comprising a formula developed by an expert witness on Chennareddy's behalf, constitute simply one way of rating promotion applicants, not the only way. The discretion involved in promotion, so long as not influenced by unlawful factors, belongs to the employing agency and not to this Court or the trier of fact. Cf. Texas Dept. of Community Affairs v. Burdine, supra.
 
 
 9
 Chennareddy further offered statistics designed to show a pattern of racial discrimination. However, the presiding member of the PAB found on substantial evidence that the underlying data was "fatally flawed"[1] and that because of inaccuracies in counting and the small size of the pool, the statistics lacked probative weight. See Hazelwood School District v. United States, 433 U.S. 299 (1977). While the statistical evidence is disturbing in that it shows zero minority promotions for minorities against fifteen for whites, the findings of the PAB being based on substantial evidence must stand.
 
 
 10
 A final attack on the PAB's decision alleging unfair surprise in the admission of certain evidence is without support in the record.
 
 III. Conclusion
 
 11
 For the reasons set forth above, we deny Chennareddy's petition for review.
 
 
 
 [1]
 Substantial evidence supported the finding that double counting of minority applicants underlay portions of the statistical analysis