# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30205

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2013

Lyle W. Cayce
Clerk

TIM LAWSON,

Plaintiff-Appellant,

v.

GRAPHIC PACKAGING INTERNATIONAL INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-CV-56

Before REAVLEY, DAVIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Tim Lawson filed suit against his former employer, Defendant-Appellee, Graphic Packaging International Incorporated ("GPI"), alleging, *inter alia*, that GPI terminated him because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(l). Lawson's ADEA discrimination claim went to trial, and the jury returned a verdict in favor of GPI. Lawson appealed, arguing that the district court abused its discretion in evidentiary rulings it made and jury instructions it provided. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30205

## FACTUAL BACKGROUND

In 2008, GPI hired Lawson to serve as a human resources manager at its West Monroe, Louisiana paper mill.  Lawson reported directly to Tony Hobson, the West Monroe facility's mill manager.  In June 2010, Lawson underwent surgery to remove melanoma from his back.  Following the surgery, Lawson's relationship with Hobson began to deteriorate.  Lawson testified that Hobson told him twice: "I don't know that you can give me 120 percent like you have before.  At your age, and with your family this far away, I—I don't know that you're not going to leave us and go back and visit—spend the rest of your time with them."  Hobson, at trial, denied making the remark. Lawson also described similar age-related comments Hobson made to other GPI employees.  Lawson claimed that Hobson intentionally overburdened him with added job assignments, with the goal that the ratcheted workload would lead Lawson to underperform.

In September 2010, Hobson reported that Lawson had assigned a temporary payroll employee to manage human resources and safety functions during Labor Day weekend, without first consulting Hobson.  Later that month, Lawson was fired, owing significantly to the weekend duty incident, as well as to prior instances of poor performance.  At the time, Lawson was fifty-eight years old.

## STANDARD OF REVIEW

A trial court's "evidentiary rulings are affirmed unless the district court abused its discretion and a substantial right of the complaining party was affected." *Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 581 (5th Cir. 2004).  We similarly examine the district court's jury instructions for an abuse of discretion and reverse when both "the charge as a whole leaves us

2

No. 13-30205

with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations and the challenged instruction . . . affected the outcome of the case." *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 352 (5th Cir. 2010) (alteration in original) (internal quotation marks omitted).

## DISCUSSION

### I.    Evidentiary Rulings

#### A.    "Pattern or Practice" Evidence

Lawson's principal argument is that the district court improperly excluded Lawson's proffered testimony recounting detailed examples of Hobson's prior discriminatory conduct toward other GPI employees.   Lawson argues that this additional testimony would have strengthened his proof of Hobson's discrimination, underscoring Hobson's history of forcing older employees to resign by the *modus operandi* of inducing and documenting performance shortcomings.   Lawson also contends that he would have discussed the case of Bobby Woods, a GPI employee who was terminated after reporting similar behavior by Hobson, which Lawson offers as an explanation for his initial hesitance to report Hobson's discriminatory conduct.

As Lawson notes, an ADEA plaintiff may establish that the defendant engaged in a pattern or practice of discrimination by showing "by a preponderance of the evidence that [the impermissible] discrimination was the company's standard operating procedure-the regular rather than the unusual practice." *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) (quoting *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 (1984)). Testimony concerning "similarly situated employees and the reasons for their discharge [is] relevant in proving a pattern and practice of age discrimination." *Harpring v. Cont'l Oil Co.*, 628 F.2d 406, 409 (5th Cir. 1980) (citing Fed. R.

3

Evid. 401 and 404(b)); *cf. EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093-94 (5th Cir. 1994) (holding that age-focused statements by a supervisor directed at the plaintiff over a four-year period "may indicate a pattern of discriminatory comments and as such are directly relevant to showing the existence of discriminatory motive"). However, a plaintiff may not effectively force the employer to defend "mini-trials" on other employees' claims of discrimination that are "not probative on the issue of whether [the plaintiff] faced discrimination." *Wyvill*, 212 F.3d at 303; *see also Harpring*, 628 F.2d at 410 (citing Fed. R. Evid. 403 and affirming the district court's exclusion of evidence of other incidents of age discrimination as cumulative and as requiring "trying another lawsuit within the existing lawsuit").

After sidebar discussion with counsel during the trial, the district court made clear that it would "sustain" GPI's objection to detailed testimony concerning Bobby Woods under Federal Rule of Evidence 403, because "[w]e're being forced to try that case too." Consistent with its admonition, however, the district court permitted Lawson to testify repeatedly, often over GPI's objection, in a more limited fashion as to Hobson's discriminatory conduct toward several GPI employees. Lawson also specifically referenced Woods and Woods's termination, and Lawson described his fear of retribution for reporting Hobson's asserted abuses. Moreover, the district court allowed Lawson's counsel to cross-examine Hobson concerning his age-related comments to other employees, and the jury heard Hobson fail to deny making several of the statements. The district court struck a considered balance between permitting the jury to consider "pattern and practice" evidence and avoiding introduction of cumulative evidence, and we discern no abuse of discretion in its handling of the issue. *See Harpring*, 628 F.2d at 610.

Moreover, Lawson does not explain how excluding any more finely detailed discussion of Hobson's past behavior affected his substantial rights at trial. *Kanida*, 363 F.3d at 581.   The district court did not reversibly err in excluding Lawson's further pattern and practice testimony.

### B.    Age of Replacement Evidence

Lawson argues that the district court abused its discretion in reading to the jury a withdrawn stipulation of the parties as to the age of Lawson's replacement at GPI, Cathy Engle, who was fifty-four years old.   The district court announced this stipulated fact to the jury even though, previously, the court had sustained Lawson's motion to withdraw the stipulation.   Defense counsel further argued to the jury in closing that Engle's similar age indicated that it was unlikely that GPI had discriminated against Lawson.   Lawson contends that the district court erred because the age of his replacement was irrelevant to his theory of the case; he never sought to prove that he was replaced by a substantially younger worker.   *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (invalidating a court-imposed requirement that a plaintiff demonstrate that he was replaced by a worker younger than the ADEA protected class of employees over forty-years-old, because "[t]he fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out *because of his age*." (emphasis in original)).

While it may be true that Lawson withdrew his stipulation and correspondingly never urged that his replacement's age was evidence of GPI's discriminatory conduct, it does not follow that the district court reversibly erred.   Engle's age, close in proximity to Lawson's, if properly admitted, would have been relevant evidence of GPI's lack of a motive to discriminate based on

age.  *See O'Connor*, 517 U.S. at 313 ("In the age-discrimination context, such an inference [of discrimination] cannot be drawn from the replacement of one worker with another worker insignificantly younger."); *Nieto v. L&H Packing Co.*, 108 F.3d 621, 623-24 & n.7 (5th Cir. 1997) (holding that evidence of a defendant-employer's mostly minority workforce and evidence that the Hispanic plaintiffs replacement was also Hispanic, was "not outcome determinative," but was "certainly material to the question of discriminatory intent"); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000) (stating that the plaintiff's argument "incorrectly expands [*Nieto*'s] holding into a presumption that replacement by someone within one's protected class is irrelevant.").   Given the relevance to GPI's motive, we conclude that even if the district court erred in admitting the withdrawn stipulation, the error was not reversible.

## II.   Jury Instructions

Lawson raises three issues with the district court's jury instructions, including that the district court failed to issue several of his proposed jury charge formulations. As noted, our review of jury instructions is for an abuse of discretion that "affected the outcome of the case."   *Jowers*, 617 F.3d at 352 (internal quotation marks omitted).   We consider the district court's refusal to provide a party's favored jury instruction "reversible error only if the instruction 1) was a substantially correct statement of law, 2) was not substantially covered in the charge as a whole, and 3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the [party's] ability to present a given [claim]."   *Kanida*, 363 F.3d at 578 (alteration in original) (internal quotation marks omitted).

Lawson first argues that the district court failed to instruct the jury

sufficiently on how to evaluate Hobson's discriminatory comments. Lawson argues that the court should have issued his requested instruction clarifying that the jury could infer discrimination by circumstantial evidence of Hobson's remarks. However, the district court did issue an instruction explaining the meaning of circumstantial evidence and informing the jury that "law makes no distinction between direct and circumstantial evidence." As described below, also, the district court issued a "Cat's Paw" theory charge, instructing that the jury could hold GPI liable for age discrimination based on Hobson's conduct in recommending Lawson for termination. Lawson does not describe how those measures were insufficient to inform the jury's evaluation of evidence of Hobson's comments. *See Kanida*, 363 F.3d at 578.

Lawson secondly objects to language in the district court's Cat's Paw theory instruction. "Under the cat's paw theory, a subordinate employee's discriminatory remarks regarding a co-worker can be attributed to the workplace superior, ultimately the one in charge of making employment decisions, when it is shown that the subordinate influenced the superior's decision or thought process." *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 366 n.11 (5th Cir. 2013). The district court informed the jury that "[i]f a supervisor performs an act motivated by discriminatory animus that is intended by the supervisor to cause the employee's termination, and that act is [sic] determinative factor in the employee's termination, then the employer is liable." Lawson appears to argue that the court erred in using the phrase "determinative factor" rather than "proximate cause," drawing the latter formulation from the Supreme Court's recent explication of the Cat's Paw theory as it relates to the Uniformed Services Employment and Reemployment Rights Act, *Staub v. Proctor Hosp.*,

No. 13-30205

131 S. Ct. 169 1186, 1192 (2011).   Lawson, however, does not point to any legally significant deficiency in the district court's choice of phrase, and he does not outline any prejudice flowing from the charge.   *See Jowers*, 617 F.3d at 352.

Finally, Lawson challenges the district court's decision to issue an instruction concerning the "same-actor" inference.   "The 'same actor' inference arises when the individual who allegedly discriminated against the plaintiff was the same individual who hired the plaintiff and gives rise to an inference that discrimination was not the motive behind plaintiff's termination."   *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 228 n.16 (5th Cir. 2000).   The district court specified that "[o]ne may conclude that there is no age discrimination involved if the same person hires and fires the employee alleging age discrimination."

Lawson argues that a same-actor charge is not warranted in this case because testimony at trial may have indicated that Hobson was not the sole actor involved in the decision to hire him.   Lawson offers no authority for the claim that a same-actor inference is impermissible where the alleged discriminatory employee is one of several parties involved in the hiring decision.   Even were we to assume *arguendo* that it would have been inappropriate to draw a same actor inference in this case had several actors contributed to the decision to hire Lawson, Lawson's own testimony was that Hobson was, in fact, the person who hired him at GPI.   *See Pierce v. Ramsey Winch Co.*, 753 F.2d 416, 425 (5th Cir. 1985) ("a defendant is also entitled to have the jury instructed on the law that supports defensive theories that are raised by the evidence"); *Syrie v. Knoll Int'l*, 7 48 F.2d 304, 310 (5th Cir. 1984) ("It is well established that a jury should be instructed on a legal theory only

if the evidence adduced at trial is sufficient to justify such an instruction.") (internal quotation marks omitted)).    The district court's instruction also referred only to the singular, "same person" who both "hires and fires" the plaintiff.    It further emphasized the permissive nature of the same-actor inference, stating only that "[o]ne may conclude that there is no age discrimination involved" if its conditions are met.    *See Russell*, 235 F.3d at 228 n.16.    Given Lawson's testimony, the jury was permitted to assess whether—and, if so, to assign significance to the fact that—Hobson was a relevant "same actor" in both the decisions to hire and fire Lawson.

In none of his challenges to the jury instructions does Lawson demonstrate an abuse of discretion that "leaves us with substantial and ineradicable doubt whether the jury has been properly guided" and that "affected the outcome of his case."    *Jowers*, 617 F.3d at 352 (internal quotation marks omitted).    We affirm the district court's jury instructions.

AFFIRMED.